UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE STARRETT,<br><br>    Plaintiff,<br><br>    v.<br><br>MARGARET MIMMS, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-01582-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND DIRECTING PLAINTIFF TO FILE |

    Plaintiff Mike Starrett is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on October 29, 2015.  Local Rule 302.

    On May 9, 2016, the Court found that Plaintiff's first amended complaint stated a cognizable claim against Defendants Margaret Mimms, Captain Vega, Michelle Lefors, Lieutenant Duren, Corporal Campbell, Officer Rodriguez, Officer Dar, Officer Herrera, Officer Hernandez, and John Doe (related to February 24, 2016, incident) for reviewing and/or failing to send Plaintiff's confidential legal mail to attorney Paul Starrett, the prison law office, and the Americans Civil Liberties Union (ACLU) pursuant to the Fresno County Jail mail policies in violation of the First and Sixth Amendments.  (ECF No. 11.)  The Court forwarded Plaintiff the necessary service of process forms for completion and return to the Court within thirty days.  (Id.)

///

    On June 1, 2016, Plaintiff returned the completed service of process forms, along with a separate motion to amend the first amended complaint.  (ECF Nos. 12, 13.)

1

In his motion to amend, Plaintiff states that he seeks to amend the complaint to add an additional Defendant and clarify certain facts.  Plaintiff is advised that he cannot amend the complaint by piecemeal; rather, any amended complaint an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.  In addition, the Court is required to screen all complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity pursuant to 28 U.S.C. § 1915A(a).  Accordingly, if Plaintiff wishes to file a second amended complaint, he must file complaint which is complete within itself.  If Plaintiff files a second amended complaint the Court will not direct service by the United States Marshal until the Court has screened the second amended complaint.  If Plaintiff does not wish to submit a second amended complaint, he may notify the Court in writing that he intends to proceed on the first amended complaint and the Court will direct service as set forth in the Court's May 9, 2016, order.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty days from the date of service of this order Plaintiff shall either:

    a. File a second amended complaint or notify the Court in writing that he intends to proceed on the first amended complaint; and

2. The Clerk of Court is directed to send Plaintiff a blank amended civil rights complaint form pursuant to 42 U.S.C. § 1983.

IT IS SO ORDERED.

Dated:   **June 6, 2016**

UNITED STATES MAGISTRATE JUDGE