UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE STARRETT,<br><br>    Plaintiff,<br><br>    v.<br><br>MARGARET MIMMS, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-01582-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 7, 2017, ORDER<br><br>[ECF No. 30] |

Plaintiff Mike Starrett is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for reconsideration of the Court's March 7, 2017, order granting Defendants forty-five days to respond to the complaint, filed March 24, 2017.

**I.**

**DISCUSSION**

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

This action is proceeding on Plaintiff's claims under the First, Sixth and Fourteenth Amendments for damages against Defendants Margaret Mimms, Gattie, Michelle Lefors, Campbell, Rodriguez, Dar, Hernandez, John Doe A (related to February 24, 2016, incident), and against John Doe B for promulgating and authorizing an alleged unconstitutional "inmate correspondence" policy.

Although Defendants waived service of the summons and complaint, Defendants did not timely respond to the complaint. On February 22, 2017, the Court issued an order as to why entry of default should be entered. On March 3, 2017, Plaintiff filed a response to the order. On March 7, 2017, Defendants requested additional time to respond to the complaint. On March 7, 2017, based on counsel's representations set forth in the declaration filed under penalty of perjury and on the basis of good cause, the Court granted Defendants forty-five days to respond to the complaint.

Plaintiff seeks reconsideration of the Court's March 7, 2017, order and contends that the lack of timely "response shows a disturbing pattern of neglect," and requests the Court enter default against Defendants. Plaintiff has failed to set forth facts or law of a strongly convincing nature to induce the Court to reverse its March 7, 2017, order. Counsel for Defendants declared under penalty of perjury that the failure to file a response was inadvertent and was not a common mistake by the County or its Department, and Plaintiff fails to present evidence to the contrary. Accordingly, there is no basis for the Court to reverse its March 7, 2017, order, and Plaintiff's motion for reconsideration is denied.

IT IS SO ORDERED.

Dated:   **March 28, 2017**

UNITED STATES MAGISTRATE JUDGE