# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE STARRETT,<br><br>    Plaintiff,<br><br>v.<br><br>MARGARET MIMMS, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-01582-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS THE ACTION FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>[ECF No. 32] |

Plaintiff Mike Starrett is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Defendants' motion to dismiss the action based on Plaintiff's alleged failure to exhaust the administrative remedies, filed April 21, 2017.

## I.

## PROCEDURAL BACKGROUND

This action is proceeding on Plaintiff's claims under the First, Sixth and Fourteenth Amendments for damages against Defendants Margaret Mimms, Gattie, Michelle Lefors, Campbell, Rodriguez, Dar, Hernandez, John Doe A (related to February 24, 2016, incident), and against John Doe B for promulgating and authorizing an alleged unconstitutional "inmate correspondence" policy.

As previously stated, on April 21, 2017, Defendants filed a motion to dismiss the action for Plaintiff's failure to exhaust the administrative remedies. (ECF No. 32.) Plaintiff filed an opposition

on May 18, 2017, and Defendants filed a reply on May 25, 2017. (ECF Nos. 36, 38.) The motion is deemed submitted for review without oral argument. Local Rule 230(l).

## II.

## DISCUSSION

### A. Motion to Dismiss Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

### B. Dismissal for Lack of Exhaustion of Administrative Remedies

Defendants move for dismissal of Plaintiff's complaint for failure to exhaust the administrative remedies pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.

By the PLRA, Congress amended 42 U.S.C. §1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by

a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that defendants must plead and prove. Jones, 747 F.3d at 1166. Thus, inmates are not required to specifically plead or demonstrate exhaustion in their complaints. Albino holds that, in general, the defense should be brought as a Rule 56 motion for summary judgment, unless in the rare event that the prisoner's failure to exhaust is clear on the face of the complaint. Albino, 747 F.3d 1168-1169, 1171.

"An inmate is required to exhaust only available remedies." Albino, 747 F.3d at 1171 (citing Booth v. Churner, 532 U.S. 731, 736 (2001)). "To be available, a remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" Albino, 747 F.3d at 1171 (quoting Brown v. Valoff, 422 F.3d 926, 937 (9th Cir. 2005)). In Ross v. Blake, the Court set forth the following three examples of when the administrative remedies are not available: (1) the "administrative procedure … operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme … [is] so opaque that it becomes, practically speaking, incapable of use … to that no ordinary prisoner can make sense of what it demands; and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 136 S.Ct. 1850, 1859-60 (2006) (citations omitted). In addition, when an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224-1226 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available).

### C.     Analysis of Defendants' Motion to Dismiss

With regard to exhaustion, the second amended complaint states the following, in pertinent part:

> 1). 8/15/15 Plaintiff files a grievance to a continuing problem containing multiple instances of closely related problems.
>
> 2). 8/29/15 After waiting fourteen days, Plaintiff received no answer to the 8/15 grievance.
>
> 3). 9/4/15 Plaintiff files an appeal to the 8/15 grievance within five days, as per P&PE-140, in order to avoid untimeliness sanctions.
>
> 4). 9/24/15 Plaintiff receives a response to the 8/15 grievance, nearly a month past the time Plaintiff needs to respond without sanctions. No issues in the answer are sustained.
>
> 5). Today: As of the date of this action, Plaintiff has received no answer to the 9/4/15 appeal. Tardy and untimely answers have forced Plaintiff, in the interest of expedience, to assume default denial of all issues from the grievance and appeal, thereby exhausting administrative procedures.

(Sec. Amd. Compl. at 2-3, ECF No. 15.)

Defendants request that the Court take judicial notice of the Jail's Grievance Policy No. E-140, referenced by Plaintiff in the second amended complaint. Defendants argue that Plaintiff's timeline and the fact that he filed an appeal prior to receiving a response to his August 15, 2015 grievance demonstrates, on its face, that he failed to exhaust the administrative remedies.

In response, Plaintiff argues that there was not only one grievance which pertained to the claims in this action, and an untimely response to initial August 15, 2015 grievance constitutes exhaustion of the administrative remedies.

In reply, Defendants argue that because Plaintiff failed to comply with the proper procedural requirements, he has not demonstrated exhaustion of the administrative remedies.

As an initial matter, Plaintiff had no obligation to plead administrative exhaustion in his complaint or to demonstrate that the process was unavailable. Albino, 747 F.3d at 1166 (quoting Jones, 549 U.S. at 204) ("failure to exhaust under the PLRA is 'an affirmative defense the defendant must plead and prove.'") Contrary to Defendants' arguments, it is not clear from the face of the second amended complaint that Plaintiff failed to exhaust the administrative remedies. Indeed, even if

the Court took judicial notice of the Jail's Grievance Policy No. E-140, the factual allegations indicate that there are factual matters and evidence that must be resolved and considered before the Court can determine whether Plaintiff exhausted the administrative remedies with respect to his claims against Defendants. This factual assessment will entail a determination whether Plaintiff and/or jail officials complied with the applicable procedures and deadlines, considering the fact that Plaintiff filed grievances on August 15, 2015, and September 5, 2015. Based on the record presently before it, the Court cannot find that the second amended complaint conclusively shows on its face that Plaintiff failed to exhaust the available administrative remedies. Should Defendants wish to argue the lack of exhaustion of the administrative remedies, they should do so by way of motion for summary judgment, accompanied with relevant evidence to meet their burden of proof, and by this finding it should not be inferred that a Rule 56 motion for summary judgment may not resolve this issue. Albino, 747 F.3d at 1169.

### III.
### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to dismiss the action based on Plaintiff's alleged failure to exhaust the administrative remedies be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 20, 2017**

UNITED STATES MAGISTRATE JUDGE