# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE STARRETT,<br><br>        Plaintiff,<br><br>    v.<br><br>MARGARET MIMMS, et al.,<br><br>        Defendants. | Case No.: 1:15-cv-01582-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>[ECF Nos. 15, 16, 17, 19] |

Plaintiff Mike Starrett is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff consented to United States Magistrate Judge jurisdiction on October 29, 2015. (ECF No. 5.) To date, Defendants have not consented or declined to United States Magistrate Judge jurisdiction.

On July 12, 2016, the Court screened Plaintiff's second amended complaint and found that it stated a cognizable claim for monetary damages against Defendants Margaret Mimms, Gattie, Michelle Lefors, Campbell, Rodriguez, Dar, Hernandez, John Doe A (related to February 24, 2016, incident), and John Doe B (for promulgating and authority alleged unconstitutional "inmate correspondence" policy) for violations of the First, Sixth and Fourteenth Amendments. (ECF No. 16.) However, the Court found that Plaintiff failed to state any other cognizable claim against any other

1

Defendants. (Id.) Plaintiff was directed to either file a third amended complaint or notify the Court of his intent to proceed only on the claims found to be cognizable. (Id.)

On July 21, 2016, Plaintiff notified the Court of his intent to proceed only on the claims found to be cognizable. (ECF No. 17.) Therefore, on August 29, 2016, the Court found that service was appropriate as to Plaintiff's claims for monetary damages against Defendants Margaret Mimms, Gattie, Michelle Lefors, Campbell, Rodriguez, Dar, Hernandez, John Doe A (related to February 24, 2016, incident), and John Doe B (for promulgating and authority alleged unconstitutional "inmate correspondence" policy) for violations of the First, Sixth and Fourteenth Amendments. (ECF No. 19.) The Court dismissed all other claims and Defendants for failure to state a cognizable claim for relief. (Id.) The Court indicated that jurisdiction existed under 28 U.S.C. § 636(c) based on the fact that Plaintiff had consented to Magistrate Judge jurisdiction and no other parties had yet appeared. (Id.)

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, __ F.3d __, Case No. 15-15259, 2017 WL 5180205, *3 (9th Cir. Nov. 9, 2017). Accordingly, the Court did not have jurisdiction to dismiss the claims and Defendants in its August 29, 2016 order.

Based upon the foregoing, the undersigned will now recommend to the District Judge that this case continue to proceed only on Plaintiff's cognizable claims, and that the claims and Defendants described below be dismissed, for the reasons explained herein.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On May 5, 2015, Plaintiff mailed attorney client privilege mail to Paul Starrett by giving it to Defendant Campbell. Campbell proceeded to read the contents of the correspondence over Plaintiff's objection.

On June 12, 2015, Plaintiff attempted to mail attorney client privilege mail to witness Paul Starrett by handing it to Defendant Campbell. Campbell refused to mail this correspondence over Plaintiff's objection.

On July 28, 2015, Plaintiff attempted to mail attorney client privilege mail to Paul by handing it to Defendant Campbell. Campbell refused to mail this document over Plaintiff's objection.

On July 28, 2015, Plaintiff mailed attorney client privilege mail to Novella Campbell of the American Civil Liberties Union (ACLU) by handing it to Defendant Campbell. Campbell proceeded to read the contents of the correspondence over Plaintiff's objection.

3

On August 10, 2015, Plaintiff mailed attorney client privilege mail to Novella Coleman of the ACLU, a separate attorney client privilege mail correspondence to Donald Spector of the Prison Law Office, and a separate correspondence to Michael J. Seng of the United States District Court for the Eastern District of California. Defendant Campbell proceeded to read the contents of all three of these correspondences over Plaintiff's objection.

On September 24, 2015, Defendant Duran authorized Defendant Torres to deny Plaintiff's August 15, 2015, grievance, regarding reading and not sending his attorney client legal mail. Plaintiff sent an appeal to the Bureau Commander, either Defendant Vega or Horton are responsible for reviewing the grievance and never responded to such grievance.

On January 5, 2016, Plaintiff mailed attorney client mail to Paul Starrett and handed it to Defendant Hernandez. Hernandez proceeded to read the correspondence over Plaintiff's objection and stated she was authorized to do so pursuant to Fresno County Jail policy.

On January 24, 2016, Plaintiff attempted to send attorney client privilege information to Paul Starrett by handing it to Defendant Rodriguez, but Rodriguez refused to mail this document over Plaintiff's objection.

On January 25, 2016, Plaintiff attempted to mail attorney client privilege correspondence to Paul Starrett by handing it to Defendant Rodriguez, but Rodriguez proceeded to read the contents over Plaintiff's objection and refused to mail it.

On February 24, 2016, Plaintiff attempted to mail attorney client privilege mail to Paul Starrett by giving it to an unknown officer, Defendant John Doe A who refused to mail the document. On this same date, witness Herrera informed Plaintiff of the memorandum authored by Defendant Lefors which prevented floor officers from mailing confidential attorney mail to Paul Starrett.

At some point between June 12, 2015 and February 24, 2016, Defendant Lefors endorsed and posted a flier in the "officer's station" instructing staff not send attorney client privilege mail between Plaintiff and Paul. Lefors thereby authorized some lower-level officers to deny mailing attorney client privilege mail to Paul.

///

///

## III.

## DISCUSSION

### A.　First and Sixth Amendment Rights to Send Mail

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Censorship of outgoing prisoner mail is justified if the following criteria are met: (1) the regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." Procunier v. Martinez, 416 U.S. 396, 413 (1974) (overturned by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989) only as test relates to *incoming mail* - Turner test applies to incoming mail).

A Sixth Amendment violation occurs where prison officials read correspondence between an inmate and his lawyer. Nordstrom v. Ryan, 762 F.3d 903, 906 (9th Cir. 2014). "This is because it is highly likely that a prisoner would not feel free to confide in his lawyer such things are incriminating or intimate personal information—as is his Sixth Amendment right to do—if he knows that the guards are reading his mail." Id. However, correspondence between an inmate and a court does not constitute "legal mail" implicating Sixth Amendment protections. Id.; Meador v. Pleasant Valley State Prison, 312 Fed.Appx. 954, 955 (9th Cir. 2009) (stating "because the mail at issue appeared to come from the California Court of Appeal, it did not constitute constitutionally protected 'legal mail.'").

Based on the allegations presented in the second amended complaint, Plaintiff states a cognizable claim against Defendants Margaret Mimms, Gattie, Michelle Lefors, Campbell, Rodriguez, Dar, Hernandez, John Doe A (related to February 24, 2016, incident), and John Doe B (for promulgating and authority alleged unconstitutional "inmate correspondence" policy) for reviewing and/or failing to send Plaintiff's confidential legal mail to attorney Paul Starrett, the prison law office, and the Americans Civil Liberties Union (ACLU) pursuant to the Fresno County Jail mail policies in violation of the First and Sixth Amendments.

///

**B.     Inmate Appeals Process**

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). If the grievance process was unfair, that could be relevant to whether he can raise a substantive claim notwithstanding deficiencies in his exhaustion of the grievance process. But problems with the grievance process, such as the failure to respond and/or process an appeal, does not in and of itself state a violation of constitutional rights. However, since Plaintiff has neither a liberty interest, nor a substantive rights in inmate appeals, Plaintiff is unable to state a cognizable claim merely for the deficient handling and/or processing of his inmate grievances. Accordingly, Plaintiff fails to state a cognizable claim against Defendants Duran, Torres, Vega, and Horton for their alleged involvement in Plaintiff's inmate grievance.

**IV.**

**RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     This action proceed for monetary damages against Defendants Margaret Mimms, Gattie, Michelle Lefors, Campbell, Rodriguez, Dar, Hernandez, John Doe A (related to February 24, 2016, incident), and John Doe B (for promulgating and authority alleged unconstitutional "inmate correspondence" policy) for violations of the First, Sixth and Fourteenth Amendments; and

2.     All other claims and Defendants be dismissed from the action for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 30, 2017**

UNITED STATES MAGISTRATE JUDGE