# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE STARRETT,<br><br>        Plaintiff,<br><br>    v.<br><br>MARGARET MIMMS, et al.,<br><br>        Defendants. | Case No. 1:15-cv-01582-AWI-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING CERTAIN CLAIMS AND DEFENDANTS, DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT FOR LACK OF EXHAUSTION OF ADMINISTRATIVE REMEDIES, AND DIRECTING DEFENDANTS TO FILE AN ANSWER TO THE COMPLAINT WITHIN TWENTY DAYS<br><br>[ECF Nos. 15, 16, 17, 19, 32, 41, 42] |

Plaintiff Mike Starrett is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff consented to United States Magistrate Judge jurisdiction on October 29, 2015. (ECF No. 5.) To date, Defendants have not consented or declined to United States Magistrate Judge jurisdiction.

On July 12, 2016, the Court screened Plaintiff's second amended complaint and found that it stated a cognizable claim for monetary damages against Defendants Margaret Mimms, Gattie, Michelle Lefors, Campbell, Rodriguez, Dar, Hernandez, John Doe A (related to February 24, 2016, incident), and John Doe B (for promulgating and authority alleged unconstitutional "inmate correspondence" policy) for violations of the First, Sixth and Fourteenth Amendments. (ECF No. 16.) However, the Court found that Plaintiff failed to state any other cognizable claim against any other

1  Defendants.  (Id.)  Plaintiff was directed to either file a third amended complaint or notify the Court of
2  his intent to proceed only on the claims found to be cognizable.  (Id.)
3         On July 21, 2016, Plaintiff notified the Court of his intent to proceed only on the claims found
4  to be cognizable.  (ECF No. 17.)  Therefore, on August 29, 2016, the Court found that service was
5  appropriate as to Plaintiff's claims for monetary damages against Defendants Margaret Mimms,
6  Gattie, Michelle Lefors, Campbell, Rodriguez, Dar, Hernandez, John Doe A (related to February 24,
7  2016, incident), and John Doe B (for promulgating and authority alleged unconstitutional "inmate
8  correspondence" policy) for violations of the First, Sixth and Fourteenth Amendments.  (ECF No. 19.)
9  The Court dismissed all other claims and Defendants for failure to state a cognizable claim for relief.
10 (Id.)  The Court indicated that jurisdiction existed under 28 U.S.C. § 636(c) based on the fact that
11 Plaintiff had consented to Magistrate Judge jurisdiction and no other parties had yet appeared.  (Id.)
12        On April 21, 2017, Defendants filed a motion to dismiss the complaint for failure to exhaust
13 the administrative remedies.  (ECF No. 32.)  Plaintiff filed an opposition on May 18, 2017, and
14 Defendants filed a reply on May 25, 2017.  (ECF Nos. 36, 38.)  On October 23, 2017, the Magistrate
15 Judge issued Findings and Recommendations recommending that Defendants' motion to dismiss the
16 complaint for failure to exhaust the administrative remedies be denied.  (ECF No. 41.)
17        On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1)
18 requires the consent of all named plaintiffs and defendants, even those not served with process, before
19 jurisdiction may vest in a magistrate judge to dispose of a civil case.  Williams v. King, __ F.3d __,
20 Case No. 15-15259, 2017 WL 5180205, *3 (9th Cir. Nov. 9, 2017).  Accordingly, the court did not
21 have jurisdiction to dismiss defendant Adams in its August 29, 2016 order.  Therefore, on December
22 1, 2017, the magistrate judge issued findings and recommendations recommending that this action
23 proceed on Plaintiff's claims for monetary damages against Defendants Margaret Mimms, Gattie,
24 Michelle Lefors, Campbell, Rodriguez, Dar, Hernandez, John Doe A (related to February 24, 2016,
25 incident), and John Doe B (for promulgating and authority alleged unconstitutional "inmate
26 correspondence" policy) for violations of the First, Sixth and Fourteenth Amendments, and all other
27 claims and Defendants be dismissed from the action.  The findings and recommendations were served
28

on the parties and contained notice that objections were to be filed within fourteen days.  No objections were filed and the time period to do so has expired.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds both of the Magistrate Judge's Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, it is HEREBY ORDERED that:

1. The October 23, 2017 and December 1, 2017 Findings and Recommendations are adopted in full;

2. This action shall continue to proceed on claims for monetary damages against Defendants Margaret Mimms, Gattie, Michelle Lefors, Campbell, Rodriguez, Dar, Hernandez, John Doe A (related to February 24, 2016, incident), and John Doe B (for promulgating and authority alleged unconstitutional "inmate correspondence" policy) for violations of the First, Sixth and Fourteenth Amendments;

3. All other claims and Defendants are dismissed from the action for failure to state a cognizable claim for relief;

4. Defendants' motion to dismiss the complaint for Plaintiff's alleged failure to exhaust the administrative remedies is denied; and

5. Within **twenty (20)** days from the date of service of this order, Defendants shall file an answer to the complaint.

IT IS SO ORDERED.

Dated:   January 10, 2018                              _____
                                                       SENIOR DISTRICT JUDGE